```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/31/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
JAMES P. COLLITON,                          :
                                            :
                    Plaintiff,              :          PRO SE
                                            :
          -against-                         :   07 Civ. 8269 (LTS)(THK)
                                            :
                                            :
MICHAEL S. MORGAN, ESQ., JOSEPH             :
CARDIERI, ESQ., RAYMOND KELLY,              :        MEMORANDUM OPINION
                                            :            AND ORDER
                                            :
                                            :
                    Defendants.             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

    Plaintiff James Patrick Colliton, proceeding pro se, brings

this action against Michael S. Morgan, Esq., the former Director of

Federal and Civil Litigation in the Office of the New York County

District Attorney, Joseph Cardieri, Esq., the General Counsel of

the New York City Administration for Children's Services, and

Raymond Kelly, the Commissioner of the New York City Police

Department.[1]   Defendants filed a motion to dismiss all claims

against them, which this Court recommended be granted.

    Presently before the Court is Plaintiff's motion for sanctions

pursuant to Federal Rule of Civil Procedure 11(b) ("Rule 11"),

based on Plaintiff's assertion that Defendants' Cardieri and

Kelly's counsel, Michael A. Cardozo, the Corporation Counsel of the

City of New York, and Assistant Corporation Counsel Amy N. Okereke

---

    [1] Since filing this action, Plaintiff has withdrawn all his
claims against Defendant Morgan with prejudice.

COPIES MAILED
TO COUNSEL OF RECORD ON 3/31/09

(collectively "counsel"), misrepresented legal authority in the memorandum of law in support of the motion to dismiss. (<u>See</u> Defendants' Cardieri and Kelly's Memorandum of Law in Support of Their Motion to Dismiss the Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) ("Defs.' Mem."); Plaintiff's Memorandum in Support of Plaintiff's Motion for Sanctions Pursuant to Rule 11 ("Pl.'s Mem."), at 1.)

For the reasons set forth below, Plaintiff's motion is denied.

**DISCUSSION**

I.  <u>Legal Standard</u>

Under Rule 11(b), a party presenting the court with a pleading certifies, among other things, that:

> (1) it is not being presented for any improper purpose, such as to harass or to cause . . . needless increase in the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or the establishment of new law . . . [and] (3) the allegations and other factual contentions have evidentiary support.

Fed. R. Civ. P. 11(b). When determining whether a Rule 11 violation has occurred, courts should use an objective standard of reasonableness. See <u>Simon DeBartolo Group, L.P. v. Richard E. Jacobs Group, Inc.</u>, 186 F.3d 157, 166 (2d Cir. 1999). Nevertheless, "the extent to which a litigant has researched the issues and found some support for its theories even in minority opinions, in law review articles, or through consultation with

other attorneys should certainly be taken into account." Id.

The Supreme Court has noted that Rule 11 "must be read in light of concerns that it will . . . chill vigorous advocacy." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393, 110 S. Ct. 2447 (1990). Therefore, "[w]hen divining the point at which an argument turns from merely losing to losing and sanctionable" courts must "resolve all doubts in favor of the signer of the pleading." Rodick v. City of Schenectady, 1 F.3d 1341, 1350 (2d Cir. 1993). "Sanctions under Rule 11 are inappropriate when there are different interpretations of the law or when contrary controlling authority is not obvious." 2 James Wm. Moore et al., Moore's Federal Practice, § 11.11 (3d ed. 2008). Moreover, "the principal objective of the imposition of Rule 11 sanctions is not compensation of the victimized party but rather the deterrence of baseless findings and the curbing of abuses." Caisse Nationale de Credit Agricole-CNCA v. Valcorp, Inc., 28 F.3d 259, 266 (2d Cir. 1994) (quoting Healey v. Chelsea Res., Ltd., 947 F.2d 611, 626 (2d Cir. 1991)).

If a court determines that Rule 11 has been violated, it may impose sanctions on attorneys, law firms, or parties. See Fed. R. Civ. P. 11(c). "The court has significant discretion in determining what sanctions, if any, should be imposed for a violation, subject to the principle that the sanctions should not be more severe than reasonably necessary to deter repetition by the offending person or comparable conduct by similarly situated

-3-

persons." Rule 11 Advisory Committee Note. If warranted, courts may impose a fine or penalty paid to the court, an award of reasonable expenses and attorney's fees incurred as a result of misconduct, an order precluding certain evidence, or dismissal of the case. See Abdelhamid v. Altria Group, Inc., 515 F. Supp. 2d 384, 392 (S.D.N.Y. 2007) (citing Gregory P. Joseph, Sanctions: The Federal Law of Litigation Abuse § 16(b)(3) (3d ed. 2000)).)

II. Plaintiff's Motion for Sanctions

Plaintiff argues that Defendants' counsel violated Federal Rule of Civil Procedure 11 by relying upon two cases which do not stand for the propositions for which they were cited in Defendants' memorandum of law in support of their motion to dismiss. (See Pl.'s Mem. at 2-6.)

First, Plaintiff claims that Defendants' counsel "violated Rule 11(b)(2) by representing to the Court that the Court may dismiss numerous . . . claims based solely upon the . . . Supreme Court's holding" in Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364 (1994). Defendants' counsel argued that Heck bars Plaintiff's false arrest and malicious prosecution claims because Plaintiff's claims would undermine the validity of his state court conviction. (See Defs.' Mem. at 7-8.) Defendants' argument would have had merit were this a more routine case. In this action, however, Plaintiff takes the unusual position, which ultimately has no merit, that he was falsely arrested and maliciously prosecuted on

-4-

the bribery and witness tampering charges in the indictments filed against him, even though he pled guilty to the more serious charges of rape and prostitution-related crimes in the indictments. The witness tampering and bribery charges were dismissed as part of his plea agreement. Because he was not convicted of those offenses (he also did not receive a favorable disposition on them), challenging them in this action would not undermine his conviction and, thus, this Court concluded that _Heck_ does not bar his claims. (_See_ Report and Recommendation, dated Feb. 24, 2009, at 20 n.11.)

In addressing a Rule 11 motion, a court must distinguish between losing arguments and arguments that are losing and sanctionable. _See_ _Sec. Indus. Ass'n v. Clarke_, 898 F.2d 318, 321 (2d Cir. 1990). In order to be sanctionable, a party's position must be frivolous. _See_ _Moreno v. Rowe_, 910 F.2d 1043, 1047 (2d Cir. 1990). Whether _Heck_ bars claims under 42 U.S.C. § 1983 is often a complicated question. The position advanced by Defendants' counsel, while misplaced, was not so untenable as a matter of law as to justify sanctions. Nor did counsel's argument constitute the type of abuse that Rule 11 was designed to guard against. _See_ Fed. R. Civ. P. 11 Advisory Committee Note to 1983 Amendment.

Plaintiff also contends that Defendants' counsel violated Rule 11(b)(2) by "representing to the Court that" _Holtz v. Rockefeller & Co._, 258 F.3d 62, 82 n.4 (2d Cir. 2001), "prevents [P]laintiff from claiming special consideration from this Court." (_See_ Pl.'s

Mem. at 4.)   In a footnote in Defendants' memorandum of law, counsel argued that "the special considerations afforded to pro se litigants are not applicable in the instant action, as the numerous newspaper articles which [P]laintiff references in his complaint note that [P]laintiff is trained as a lawyer." (See Defs.' Mem. at 4 n.2.)  Defendants' counsel cited Holtz, and, in a parenthetical, argued that, pro se attorneys "cannot claim the special consideration which the courts customarily grant to pro se parties." (See Pl.'s Mem. at 4 (citing Holtz, 258 F.3d at 82 n.4).)  Plaintiff argues that Holtz cites Harbulak v. County of Suffolk, 654 F.2d 194, 198 (2d Cir. 1981), and thereby incorporates the analysis of Harbulak. According to Plaintiff, the "dispositive facts" in Harbulak are that Harbulak was a "practicing lawyer who had the means and the knowledge, or at least the ability to obtain the knowledge," to recognize he was raising a baseless claim. (Pl.'s Mem. at 5 (quoting Harbulak, 654 F.2d at 198.)

Whether Plaintiff was an attorney with the means and knowledge to recognize he was raising baseless claims is a matter of opinion and, therefore, counsel's argument was not frivolous.  See Cooter & Gell, 496 U.S. at 393, 110 S. Ct. 2447 (Rule 11 was not meant to "chill vigorous advocacy"); see also Salovaara v. Eckert, 222 F.3d 19, 34 (2d Cir. 2000) (where the interpretation of case law is not "untenable as a matter of law" it will not necessitate sanctions).

Unlike the instant motion, counsel's arguments were neither

-6-

unfounded nor frivolous, and are not the type of conduct Rule 11 was meant to address.  To the contrary, this Court recommended that Defendants' motion to dismiss be granted.

Plaintiff's motion for Rule 11 sanctions is denied.

SO ORDERED.

THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: March 30, 2008
       New York, New York

-7-